

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-77,149-01

### EX PARTE BRIAN KEITH HORTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 27498 IN THE 3RD DISTRICT COURT
### FROM ANDERSON COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty to burglary of a habitation, and received three years' deferred adjudication community supervision. Applicant's period of community supervision was modified and extended several times, but he was eventually adjudicated guilty and sentenced to twenty years' imprisonment.

Applicant contends, among other things,[1] that his counsel at adjudication rendered ineffective

---

[1]This Court has reviewed Applicant's other claims, and found them to be without merit.

assistance because counsel failed to present witnesses and evidence to explain or rebut the allegations in the State's motion to proceed to adjudication. Applicant also alleges that just before the adjudication hearing, adjudication counsel brought to the trial court's attention the fact that Applicant's father-in-law had been a defendant in a suit filed by the trial judge at an earlier date. The matter was discussed in court and adjudication counsel did not seek the trial court's recusal. At the conclusion of the adjudication hearing, the trial court sentenced Applicant to the maximum available sentence of twenty years' imprisonment.

The trial court appointed habeas counsel to represent Applicant, and on October 23, 2013, the trial court held a hearing. Although Applicant himself was not present at the hearing, Applicant's adjudication counsel gave testimony addressing Applicant's habeas claims.[2] Adjudication counsel testified that although he did not believe that it was appropriate to file a written motion to recuse the trial judge at the time, in retrospect he believes that he should have done so, because it was what his client wanted.

The trial court has determined that trial counsel's performance was deficient in that counsel did not file a written motion to recuse the trial judge from presiding over the adjudication, and that such deficient performance prejudiced Applicant. The trial court also concludes that adjudication counsel did not call witnesses or acquire the evidence his client wanted presented at the hearing. Relief is granted. The judgment adjudicating guilt in Cause No. 27498 in the 3rd District Court of Anderson County is set aside, and Applicant is remanded to the custody of the Sheriff of Anderson County to answer the charges as set out in the State's motion to proceed to adjudication of guilt in

---

[2]Adjudication counsel testified at the habeas hearing that he had submitted such an affidavit, but the affidavit has not been included in the habeas record, before or after remand.

this case  The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 2, 2014
Do not publish